IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DENISE MARIE CUTLER,<br><br>  Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>  Defendant. | CV 20-59-H-JTJ<br><br>**ORDER** |

**BACKGROUND.**

Plaintiff Denise Marie Cutler ("Cutler") brought this action to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401−433. The Commissioner filed the certified Administrative Record. Doc. 7.

**JURISDICTION.**

The Court has jurisdiction under 42 U.S.C. § 405(g). Venue is proper because Cutler resides in Lewis & Clark County, Montana. 29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3).

**PROCEDURAL BACKGROUND.**

Cutler protectively filed a Title II application for a period of disability and disability insurance benefits on June 29, 2017. Doc. 7 at 21. Cutler also protectively filed a Title XVI application for supplemental security income on November 20, 2017. *Id*. These claims were denied on October 30, 2017, and upon reconsideration on May 8, 2018. *Id*. Cutler filed a written request for a hearing. *Id*. The Administrative Law Judge ("ALJ") held a hearing on April 16, 2019. *Id*. Carla Tadlock represented Cutler. *Id*.

The ALJ denied her claims on May 29, 2019. Doc. 9 at 5. Cutler requested review of the ALJ's decision. *Id*. The ALJ's decision became final on May 20, 2020, when the Appeals Council denied Cutler's request for review. *Id*. Cutler now moves the Court to reverse the ALJ and remand the case for an award of benefits. *Id*.

**STANDARD OF REVIEW.**

The Court conducts limited review. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence constitutes "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*

2

*v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

The ALJ remains responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986). The Court may reject those findings not supported by the record, but it may not substitute its findings for those of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

**BURDEN OF PROOF**.

A claimant is disabled for purposed of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000)(citing 42 U.S.C. § 1382(a)(3)(A)-(B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof for steps one through four, and the Commissioner bears the burden of proof for step five. *Id*. The five steps of the inquiry are as follows:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 20 C.F.R. 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. 404.1520(f), 416.920(f).

*Id*. at 954.

ANALYSIS.

A.  ALJ's Disability Determination.

The ALJ followed the 5-step sequential evaluation process in evaluating Cutler's claim.  Doc. 7 at 24.  The ALJ found that Cutler met the insured status requirements of the Social Security Act through March 31, 2016.  *Id*. At step one, the ALJ further determined that Cutler had not engaged in substantial gainful activity since the alleged onset of Cutler's impairment on January 1, 2015.  *Id*.

At step two, the ALJ found that Cutler has the followings severe impairments: cerebral vascular accident (CVA) status post-craniotomy, with residuals including visual field defects, tension headaches, occipital neuralgia, mild memory problems, and impaired ability to sustain attention; mild neurocognitive disorder due to multiple etiologies (CVA and motor vehicle accident) with behavioral disturbance; breast cancer with mastectomy followed by chemotherapy treatment; carpal tunnel syndrome; and myalgias involving the spine and shoulders.  *Id*.  At step three, the ALJ found that Cutler did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. 404.  *Id*. at 25.

At step four, the ALJ found that Cutler possessed the residual functional capacity to perform with limitations the following light work:

> Cutler can lift, carry, push, and pull 10 pounds frequently and 20 pounds occasions.  She can stand or walk for about six hours in an eight-

5

>hour workday. She can sit for about six hours in an eight-hour workday. Cutler can never climb ladders, ropes, or scaffold. She can occasionally climb ramps and stairs. She can occasionally balance. She can frequently handle, finger, and feel with the right upper extremity. She can occasionally use peripheral vision to the right. She cannot perform work requiring the claimant to read detailed instructions or reports. She can understand remember and carry out simply tasks. She can maintain attention, concentration, persistence, and pace for simple tasks for eight-hour workdays and 40-hour workweeks. She can tolerate interaction with supervisors, coworkers, and members of the public. She can tolerate usual work situations but cannot tolerate more than occasional changes in the routine work setting.

*Id.* at 27.

Based on this residual functional capacity, the ALJ found that Cutler can perform past relevant work as a fast food worker. *Id.* at 36. The ALJ did not proceed to step five because the ALJ concluded in step four that Cutler can perform past relevant work. *See Bustamante*, 262 F.3d at 954.

**B. Cutler's Objections to the ALJ's Disposition.**

Cutler argues that the ALJ erred in the following ways: (1) discrediting Cutler's testimony; (2) failing to consider the combined effects of Cutler's impairments; (3) improperly evaluating the medical evidence; and, (4) improperly determining that Cutler can perform work on a regular and continuing basis. Doc. 9 at 6.

**1. The ALJ Erred in Discrediting Cutler's Testimony.**

Cutler argues that she provided objective medical evidence of her many impairments, and that the ALJ did not meet the burden of providing clear and

convincing reasons for discrediting her testimony regarding the severity of her symptoms and the resulting limitations. *Id*. at 14. Cutler argues that the ALJ erred in finding that Cutler's statements about her symptoms and limitations were not entirely consistent with the medical evidence. *Id*. at 15. For example, the ALJ asserted that Cutler's frontotemporal craniotomy and clipping of the aneurysm occurred without complication without considering Cutler's reported chronic subdural hematoma, blurred vision, and other alleged symptoms. *Id*.

**2. The ALJ Erred in Failing to Consider the Combined Effects of Cutler's impairments.**

Cutler argues that the ALJ failed to consider that Cutler's severe and non-severe impairments in combination necessitates greater limitations. *Id*. at 18. For example, Cutler argues that one physician stated that fatigue, disrupted sleep, and pain magnify her cognition problems. *Id*. Another physician noted memory difficulties, and another nurse practitioner observed that Cutler's injuries from the motor vehicle accidents exacerbated Cutler's chronic headaches, fatigue, and dizziness. *Id*. Cutler claims the ALJ should have considered these various cognitive effects in combination. *Id*.

**3. The ALJ erred in evaluating the medical evidence.**

Cutler argues that the ALJ erred in evaluating the evidence of the functional capacity evaluation (FCE). *Id*. at 19. Specifically, Cutler argues that the ALJ improperly disregarded evidence that during testing Cutler limited activities due to

dizziness and sharp head pain which were explicitly noted to be consistent with her diagnosis. *Id*. Cutler claims the ALJ should not have disregarded this evidence. *Id*. at 20.

### 4. The ALJ Erred in Determining that Cutler Can Perform Work on a Regular and Continuing Basis.

Cutler argues that the ALJ failed to provide the required discussion of the individual's ability to perform sustained work activity on a regular and continuing basis. *Id*. at 21. Cutler contends that no substantial evidence supports a determination that Cutler can perform work activities on a regular and continuing basis. *Id*.

## C. Commissioner's Position.

The Commissioner responds with the following arguments: (1) the ALJ reasonably discounted Cutler's allegations of extreme limitations; (2) the ALJ considered the combined effects of Cutler's impairments when assessing functional abilities; (3) the ALJ reasonably assessed the medical opinions consistent with the medical evidence and the new medical regulations; and, (4) the ALJ considered whether Cutler could perform work activities on a regular and continuing basis when assessing Cutler's limitations. Doc. 10.

### 1. The ALJ reasonably discounted Cutler's allegations of extreme limitations.

The Commissioner argues that the ALJ provided valid reasons, supported by substantial evidence, when finding Cutler's alleged symptoms inconsistent with the record as a whole. *Id.* at 3. Specifically, the ALJ noted that Cutler's complaints "find little support in the record apart from periods of time following acute diagnoses, acute symptoms, and during rehabilitation." *Id.*

### 2. The ALJ considered the combined effects of Cutler's impairments when assessing her functional abilities.

The Commissioner argues that the ALJ did consider the combined effects of Cutler's impairments when determining Cutler's work limitations. *Id.* at 8. The ALJ explicitly stated that she was considering the severe and non-severe impairments in combination. *Id.* The Commissioner asserts that there is no evidence that the ALJ failed to consider the combined effects of Cutler's impairments or that Cutler was more limited than the ALJ found her. *Id.*

### 3. The ALJ reasonably assessed the medical opinions consisted with the new medical regulations.

The Commissioner argues that the ALJ applied correctly the new regulations in evaluating the medical opinions in this case. *Id.* at 13. The ALJ reasonably considered the assessment of a physical therapist, Ms. Humphrey. *Id.* Specifically, the ALJ noted that Ms. Humphrey based Cutler's limitations largely on Cutlers "unreliable subjective complaints of head pain and dizziness during testing." *Id.*

### 4. The ALJ considered whether Cutler could perform work activities on a regular and continuing basis when assessing Cutler's limitations.

The Commissioner argues that the ALJ correctly determined the residual functional capacity. *Id*. at 15. The ALJ found that the assessed limitations applied in the context of Cutler performing "sustained work activity in an ordinary work setting on a regular and continuing basis." *Id*. The Commissioner claims this is not insufficient boilerplate language, but correct and sufficient analysis. *Id*. at 16.

**DISCUSSION.**

**1. Cutler's Testimony.**

The ALJ must engage in a two-step analysis when evaluating the credibility of a claimant's testimony regarding subjective pain. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The ALJ first must determine whether the claimant has presented objective medical evidence of an underlying impairment that reasonably could be expected to produce the pain or other symptoms alleged. *Id*. If the claimant meets the first test and no evidence of malingering exists, the ALJ can reject the claimant's testimony about the severity of the symptoms only if she provides "specific, clear and convincing reasons" for the rejection. *Id*.

The parties appear to agree that Cutler satisfied the first step by presenting objective evidence of an underlying impairments. Doc. 9 at 14; Doc. 10 at 3−7 (arguing only that the ALJ correctly discredited Cutler's testimony). The question remains whether the ALJ presented clear and convincing evidence for discrediting Cutler's testimony. *Vasquez*, 572 F.3d at 591. "When the evidence reasonably

supports either confirming or reversing the ALJ's decision," the Court may not substitute its judgment for that of the ALJ. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196−98 (9th Cir. 2004).

The ALJ noted that, "after careful consideration," Cutler's allegations are not entirely consistent with the medical evidence and other evidence in the record. Doc. 7 at 29. Specifically, the ALJ stated that Cutler's symptoms were largely temporally related to acute incidences and often followed by rapid recovery. *Id*. Ten days after receiving emergency treatment for an aneurism, doctors discharged Cutler without requiring inpatient rehabilitation or subsequent treatment. Doc. 10 at 4. Cutler underwent a craniotomy in February 2016, and by April 2016, her doctors stated Cutler was "doing quite well" and recommended no limitations other than to avoid stressful situations, maintain appropriate blood pressure, and eat healthy. *Id*. The ALJ determined that this evidence proved inconsistent with Cutler's claims that she suffered crippling headaches and severe fatigue since her craniotomy, experienced holes in her vision, and could not focus on even large objects. *Id*.

Consistency between a claimant's statements remains an important factor when weighing the veracity of a claimant's allegations. Social Security Ruling (SSR) 16-3p, *available at* 2016 WL 1119029, at *8. The ALJ relied heavily on inconsistencies between Cutler's reports to medical providers and her alleged symptoms. The Court need not rehash all the inconsistencies identified in the

Commissioner's brief. *See* Doc. 10 at 4−5. Generally, between February 2016 and March 2018, Cutler's claims of symptoms like severe headaches and fatigue were contradicted by her reports to healthcare providers that she was experiencing little to mild symptoms. In one example, the ALJ discredits Cutler's claims of severe memory problems because Cutler described her memory issues to her physician as mild. A physical examination findings showed Cutler had intact recent and remote memory and normal attention. *Id*. at 6.

Ultimately, the Court's review of an ALJ's evaluation of a complainant's testimony centers on whether the ALJ relied on clear and convincing evidence in discrediting the complainant's testimony. *Vasquez*, 572 F.3d at 591. In this case, the ALJ presented clear and convincing evidence for discrediting specific portions of Cutler's testimony. Doc. 10 at 4−5. Primarily, Cutler's alleged symptoms contradicted her reports to her treating physicians of quick recoveries and mild symptoms. The ALJ did not err, therefore, in discrediting Cutler's testimony. *See Vasquez*, 572 F.3d at 591.

**2. Considering Combined Impairments.**

When a claimant suffers from multiple impairments, the Commissioner must consider their combined effect in determining whether the claimant is disabled. *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996). The ALJ noted explicitly that she considered "all [of Cutler's] severe and nonsevere impairments in combination."

Doc. 7 at 34. The ALJ found that, based on Cutler's combined impairments, sufficient medical evidence existed to warrant the limitations outlined in the remainder of her order. *Id*.

Cutler argues that the ALJ considered her various impairments as a "chain of unfortunate health events." Cutler ignores the ALJ explicit consideration of Cutler's combined impairments. Cutler fails to point to any particular limitation and identify how a consideration of her combined impairments would result in a different limitation. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009). The Court cannot conclude, therefore, that the ALJ erred in failing to consider Cutler's impairments in combination.

**3. The Medical Evidence.**

This issue appears to revolve entirely around the weight the ALJ gave to Cutler's complaint of chronic headaches and dizziness, specifically as they related to the functional capacity evaluation. *See* Doc. 9 at 19−21; Doc. 10 at 13−15. The arguments here remain largely the same as the arguments levied regarding the issue of the ALJ discrediting Cutler's testimony. Specifically, the ALJ gave less weight to the opinion of Ms. Humphrey because her opinion relied on Cutler's complaints of severe headaches and dizziness. The ALJ found that Cutler's complaints were inconsistent throughout the record, including several times at which Cutler relayed that her headaches were mild to moderate or at other times when Cutler would deny

them completely. Doc. 7 at 35. The ALJ also pointed to Cutler's noncompliance with physical therapy to relieve the symptoms of headaches and dizziness. *Id*.

The Court already determined that this analysis by the ALJ was not error. The weight that the ALJ's gave Ms. Humphrey's opinion, insofar as it relies on Cutler's complaints of severe headaches and dizziness to calculate limitations, was likewise not erroneous. Ms. Humphrey noted that she was unable to evaluate Cutler's maximum functional capacity because Cutler would limit the testing due to alleged headaches and dizziness. Doc. 10 at 14. The ALJ's interpretation of Cutler's testimony, Ms. Humphrey's evaluation, and the subsequent limitations constitute a reasonable interpretation of the evidence. The Court must affirm, therefore, the ALJ's interpretation. *Tackett*, 180 F.3d at 1098.

**4. Assessment of Cutler's Limitations.**

In assessing RFC, the adjudicator must discuss the claimant's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis. SSR 96−8p. "Regular and continuing basis" means "8 hours a day, for 5 days a week, or an equivalent schedule." *Id*.

The ALJ concluded that Cutler could perform light work with some exceptions. Doc. 7 at 27. The ALJ then listed out the various limitations that she determined were consistent with the medical evidence. *Id*. The ALJ then specified that "[e]ach of the foregoing limitations are considered sustained work activity in an

ordinary work setting on a *regular and continuing basis*." *Id*. (emphasis added). The ALJ's order makes clear that the ALJ considered the limitations as they relate to an ordinary work setting on a regular and continuing basis. *Id*. The ALJ did not err, therefore, in failing to discuss Cutler's ability to perform sustained work in an ordinary work setting on a regular and continuing basis.

**CONCLUSION.**

The ALJ's decision is supported by substantial evidence. The ALJ's decision is free of legal error. *See Bayliss*, 427 F.3d at 1214 n.1.

Accordingly, it is **ORDERED**:

1. Cutler's Motion for Summary Judgment (Doc.9) is **DENIED**.

2. The Commissioner's final decision denying Cutler's claims for disability insurance benefits is **AFFIRMED**.

3. This case is **DISMISSED** with prejudice.

4. The Clerk is directed to enter judgment accordingly.

Dated the 21st day of May, 2021.

Brian Morris, Chief District Judge
United States District Court